**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

CHARLES D. FRIEDMAN,

      Plaintiff,

v.                                                Civil Action No. 5:13cv62
                                                                     (Judge Stamp)

UNITED STATES OF AMERICA, et al.,

      Defendants.

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER**

The *pro se* plaintiff initiated this case on May 9, 2013, by filing a civil rights complaint against a number of defendants concerning events at U.S.P Hazelton. On May 28, 2013, the plaintiff filed his complaint on this Court's approved form. On July 1, 2013, the plaintiff filed a combined Motion for Temporary Restraining Order and Preliminary Injunction. Specifically, the plaintiff seeks an Order prohibiting the defendants, as well as their agents, servants, employees, and all persons in active concert and participation with these defendants, from using standard sized handcuffs or a black box on the plaintiff absent exigent circumstances.

The standard for granting injunctive relief in this circuit is set forth in <u>Real Truth About Obama, Inc. v. Federal Election Comm'n</u>, 575 F.3d 342 (4th Cir.2009). As articulated in <u>Real Truth</u>, before a court may grant injunctive relief, the movant is required to establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Id*. at 346 (citations omitted).

The plaintiff maintains that he has large or oversized wrists and application of standard-size

handcuffs place him at risk for serious pain, swelling and nerve damage. The basis of the plaintiff's underlying complaint stems from his transport on April 2, 2012, from USP Hazelton to the Oklahoma Transfer Center. In reviewing the complaint, it appears that the plaintiff acknowledges that most correctional officers accommodate him with proper sizing and fit, "it being obvious that, even with only two clicks of the cuff, plaintiff is not 'going anywhere.'" (Doc. 6-2, pp. 5-6). He further acknowledges that many transport staff will simply use larger, 'big-boy handcuffs, or 'zip-ties', which reasonably accommodate plaintiff's wrist size, and officers' security needs." Id. at 6.

By the plaintiff's own admission, he has been incarcerated for nearly forty years. Despite this substantial length of time, a review of PACER fails to establish that the plaintiff has ever before complained of problems with wrist restraints. In addition, the plaintiff's complaint appears to allege deliberate cruelty on the part of one transport officer at USP Hazelton, who squeezed both cuffs approximately ten clicks. Clearly, the safe and orderly transport and restraint of prisoners is a critical function of the BOP. Given that the plaintiff has not established that he is likely to succeed on the merits of his claim, nor that he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities does not tip in his favor and an injunction would not be in the public interest.

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that the plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. 19) be **DENIED**, and his Request to Submit his Motion for Decision (Doc. 32) be **DISMISSED AS MOOT**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy

of any objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record by electronic means.

DATED: January 28, 2014

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE