IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES D. FRIEDMAN,

    Plaintiff,

v.                                      Civil Action No. 5:13CV62
                                                        (STAMP)

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
ERIC HOLDER,
CHARLES E. SAMUELS, JR.
and JOHN DOE,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

On May 9, 2013, the pro se[1] plaintiff, a federal prisoner incarcerated at U.S.P. Hazelton, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The complaint asserts that the plaintiff was injured as a result of the use of excessive force. Specifically, the plaintiff asserts that a bus operations lieutenant intentionally or negligently applied hand restraints with deliberate indifference to the proper size and fit and with deliberate indifference to his complaints concerning the pain such restraints caused. Pursuant to Local Rule of Prisoner Litigation

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

2, this matter was referred to United States Magistrate Judge John S. Kaull for preliminary review and report and recommendation.

On July 1, 2013, the plaintiff filed a combined motion for a temporary restraining order and preliminary injunction seeking an order from this Court prohibiting the defendants, as well as their agents, servants, employees, and all persons in active concert and participation with the defendants, from using standard sized handcuffs or a black box on the plaintiff absent exigent circumstances. On October 28, 2013, the petitioner filed a request to submit his motion for a preliminary injunction and temporary restraining order for decision as the defendants had not filed any response. On January 28, 2014, Magistrate Judge Kaull issued a report and recommendation, recommending that this Court deny the plaintiff's motion for a preliminary injunction and temporary restraining order and dismiss his request to submit his motion for decision as moot.

Magistrate Judge Kaull informed the parties that if they objected to any portion of the report and recommendation, they must file objections thereto within fourteen (14) days of receiving the report and recommendation. The plaintiff filed a motion for an enlargement of time to file objections. This Court granted the plaintiff's motion. The plaintiff, however, failed to file any such objections. For the reasons stated below, the magistrate

judge's report and recommendation is affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In The Real Truth About Obama, Inc., the United States Court of Appeals for the Fourth Circuit set forth the equitable factors that a district court must consider when determining whether a injunction should issue. The four factors that the plaintiff must establish to obtain injunctive relief under this test are:

> (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.

Id. at 346 (citing Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008)).

The magistrate judge states that the plaintiff has acknowledged that most correctional officers accommodate him with the proper sizing and fit of hand restraints. Further, the magistrate judge stated that after a review of PACER, it does not

3

appear that the plaintiff has ever complained of problems with the hand restraints prior to this action. The magistrate also notes that the safe and orderly transport of prisoners is a critical function of the Bureau of Prisons. Based on these findings, the magistrate judge asserts that the plaintiff has failed to establish that he is likely to succeed on the merits. Further, the magistrate judge stated that the plaintiff has failed to establish that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction would be in the public's interest.

This Court finds no clear error in the magistrate judge's findings concerning the factors that the plaintiff is required to establish to obtain injunctive relief. Accordingly, because, based on the record, the plaintiff is unable to establish those factors, the plaintiff's motion for a temporary injunction and preliminary restraining order must be denied. Further, as the motion for a temporary restraining order and preliminary injunction has now been decided by this Court, the plaintiff's request to submit the motion to this Court for review is dismissed as moot.

## IV. Conclusion

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge, and it is therefore AFFIRMED and ADOPTED in its entirety (ECF No. 53). Accordingly, the plaintiff's motion for a temporary restraining

order and preliminary injunction (ECF No. 19) is DENIED and plaintiff's request for submission of his motion for review (ECF No. 32) is DISMISSED AS MOOT.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail.

DATED:    March 3, 2014

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE