IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

JUL 21 2014

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

CHARLES D. FRIEDMAN,

Plaintiff,

v.  Civil Action No. 5:13cv62
(Judge Stamp)

UNITED STATES OF AMERICA, et al.,

Defendants.

## REPORT AND RECOMMENDATION THAT APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED AND THAT COMPLAINT BE DISMISSED WITHOUT PREJUDICE

### I. Procedural History

The *pro se* plaintiff, an inmate incarcerated at USP Marion in Marion, Illinois, initiated this case on May 9, 2013, alleging claims pursuant to Bivens,[1] the Federal Tort Claim Act, and the Administrative Procedures Act against the various defendants concerning events that occurred while he was incarcerated at U.S.P Hazelton in Bruceton Mills, West Virginia. Pursuant to a Notice of Deficiency, on May 28, 2013, the plaintiff filed his complaint on this Court's approved form, along with a motion for leave to proceed *in forma pauperis*. By Order entered on May 31, 2013, the plaintiff was granted permission to proceed *in forma pauperis* ("IFP") without payment of an initial partial filing fee. That same day, the undersigned directed the Clerk to issue a sixty (60)-day summons to each individual Defendant and to have the United States Marshal Service effect service on each. (Dkt.# 13). On July 1, 2013, the plaintiff filed Motion for Appointed Counsel (Dkt.# 18) and a Combined Motion for Temporary Restraining

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

1

Order and Preliminary Injunction, seeking to prohibit the defendants and others from using standard sized handcuffs or a black box on him absent exigent circumstances. (Dkt.# 19). On September 11, 2013, the plaintiff filed a Motion to Dismiss Certain Defendants (Dkt.# 25); on October 17, 2013, he moved to withdraw that Motion. (Dkt.# 26). By Order entered the same day, the motion to withdraw was granted. (Dkt.# 27). On October 28, 2013, having not yet had a response from the defendants, plaintiff filed a Request to Submit for Decision, seeking an immediate ruling on his Combined Motion for a Preliminary Injunction and Temporary Restraining Order. (Dkt.# 32). Plaintiff filed a Notice of Deficient Service and Motion to Compel the same day. (Dkt.# 33). On October 31, 2013, defendants filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Dkt.# 34), along with an attached Memorandum in Support, and a Motion to Seal. (Dkt.# 35). Accordingly, on November 4, 2013, the undersigned issued a Roseboro Notice,[2] notifying plaintiff of his right to file a response to defendants' dispositive motion. (Dkt.# 36). By Order also entered November 4, 2013, the Motion to Seal was granted. (Dkt.# 37).

On November 22, 2014, plaintiff filed Motion to Compel the BOP to provide him with postage and photocopies, and to desist impeding his access to submit legal mailings. (Dkt.# 45). On December 9, 2013, plaintiff filed a Motion to Amend and Motion for Personal Service out of Time. (Dkt.# 46). Plaintiff filed a response to the defendants' dispositive motion on January 27, 2014. (Dkt.# 52). On January 28, 2014, the undersigned issued a Report & Recommendation ("R&R") recommending denial of plaintiff's Combined Motion for a Preliminary Injunction and Temporary Restraining Order and dismissal of his Request to Submit for Decision. (Dkt.# 53). An Order was also entered, denying plaintiff's motion for appointed counsel. (Dkt.# 54). By Order entered January 30, 2014, plaintiff's two pending Motions to Compel were denied. By

---
[2] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

2

Notice filed January 31, 2014, the John Doe defendant waived service of process. (Dkt.# 57). By Order entered January 31, 2014, plaintiff's Motion to Amend and for Personal Service Out of Time was denied. (Dkt.# 58). By Memorandum Opinion and Order entered March 3, 2014, the R&R recommending that the combined Motion for a Temporary Restraining Order and Preliminary Injunction be denied was adopted. (Dkt.# 65).

## II. Contentions of the Parties

### A. Plaintiff's Complaint

In his court-approved form Complaint, plaintiff raises three claims arising out of an incident that he alleges occurred on April 2, 2012. On that date, plaintiff was transported from USP Hazelton to the Oklahoma Transfer Center ("OTC"). The plaintiff alleges:

**Count 1:** a Bivens claim of excessive force, in violation of his Eighth Amendment protections, against the John Doe defendant ("Doe"), a Bus Operations Lieutenant. Plaintiff contends that Doe deliberately applied handcuffs to his wrists that were too small and intentionally tightened them beyond the level necessary to meet security needs, in retaliation for plaintiff's repeated requests for his medications. The plaintiff further alleges that in addition to metal leg irons and handcuffs, Doe also applied a wrist chain secured by a "black box," which placed plaintiff's wrists and shoulders in a rigid, unnatural position. The plaintiff maintains that he remained in the restraints until he reached the OTC, a time period of approximately 13 hours. The plaintiff contends that by the time he arrived at the OTC, he had lost all feeling in his hands and wrists; his wrists were bloody where the handcuffs had bitten into his skin; and his hands so swollen they were nearly double in size. The plaintiff maintains that he continues to suffer numbness and pain in both hands and has permanent scars on his wrists.

**Count 2:** a Federal Tort Claim Act ("FTCA") claim against the United States for the intentional tort of assault and battery; and

**Count 3:** an Administrative Procedures Act violation against the defendants Federal Bureau of Prisons ("BOP"); Eric Holder ("Holder"); and Charles E. Samuels, Jr. ("Samuels"), for their policies, practices, acts or omissions in knowingly purchasing outdated and injurious hand restraints for use in routine prisoner transfers, which violated their statutory duty of reasonable care, and were an abuse of discretion in violation of the Administrative Procedures Act.

For relief, the plaintiff seeks declaratory judgment, injunctive relief and monetary damages.

## B. Defendants' Motion to Dismiss or in the Alternative, for Summary Judgment

In support of their dispositive motion, defendants raise the following arguments:

1) Plaintiff's Count One Eighth Amendment claim must be dismissed because defendant Mattingly[3] did not use excessive force.

2) Plaintiff's Count Two claim should be dismissed because Mattingly is entitled to qualified immunity.

3) Plaintiff's Count Three Administrative Procedures Act claims against the BOP, Holder, and Samuels should be dismissed because the BOP is statutorily tasked with taking care of prisoners, and plaintiff has failed to demonstrate that the decision to use the type of restraints used caused the BOP to fall below the standard of reasonable care owed to prisoners in its custody; and

4) to the extent that plaintiff's Count Three claim alleges a violation of the FTCA, defendants BOP, Holder and Samuels should be dismissed, because they are improperly named.

## C. Plaintiff's Response

In his response, to which he attached a sworn declaration, plaintiff reiterates his arguments and attempts to refute the defendants' on the same.

---

[3] The defendants have identified the John Doe bus driver at issue in this case as Lieutenant Christopher Mattingly ("Mattingly"). See Dkt.# 35-2 at 2.

4

## III. Standard of Review

After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following subsection was added to 28 U.S.C. § 1915(g)

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## IV. Analysis

While incarcerated,[4] excluding this action, between November, 1993 and the date this case was filed, in addition to numerous habeas petitions and at least one mandamus action, plaintiff has initiated 8 civil rights actions in federal district courts and appealed several of them in federal circuit courts of appeals. At least five of them have been dismissed for failure to state a claim upon which relief can be granted, or affirmed as dismissals for failure to state a claim upon which relief can be granted.[5]

---

[4] Plaintiff has been described, as early as 2009, as a "serial bank robber" whose "general criminal history is extensive, beginning with an adjudication for burglary at the age of twelve. He has additional juvenile adjudications for assault with a deadly weapon, escape, burglary, and two counts of vehicle theft. In addition to his four bank robbery convictions, Friedman has adult convictions for vehicle theft, conspiracy to escape, assault with a deadly weapon, making a false claim against the United States government, felon with a weapon, attempted escape, and damage to a jail. It appears that since the age of twelve, Friedman has spent the overwhelming majority of his life either as a ward of the state, in a juvenile detention facility, or in prison. (10th Cir. Feb. 10, 2009)(07-4118). The 10th Circuit further noted that "[a]s Friedman noted in his letter to the court in advance of sentencing, he has only been able to remain free of prison for twenty months out of the twenty-seven years of his adult life." (Id. at 16).

[5] In the District of Kansas, a civil right action, Friedman v. Unicor Federal Prison Industries, Case No. 3:93-cv3501 was dismissed September 6, 1995 for failure to state a claim. In the District of Utah, another civil rights action, Friedman v. Kennard, Case No. 2:06cv538 was dismissed on April 13, 2007 for failure to state a claim; plaintiff appealed to the 10th Circuit Court of Appeals, Case No. 07-4116, where on September 25, 2007, the 10th Circuit affirmed the District of Utah's finding that plaintiff had failed to state a claim. In the District of Utah, another civil rights action, Friedman v. Barajas, et al., Case No. 2:09cv227 was dismissed on October 27, 2011 for failure to state a claim upon which relief could be granted; plaintiff appealed to the 10th Circuit Court of Appeals, where on October 22, 2012, in Case No. 11-4192, the 10th Circuit affirmed the district court's finding.

Therefore, this action, the first the plaintiff has filed in this district, must also be dismissed, insofar as plaintiff has sought and inadvertently been granted permission to proceed *in forma pauperis*.[6]

Commonly known as the "three strikes" rule of the Prison Litigation Reform Act of 1996[7] [PLRA], the statute abrogates prisoners' entitlement to bring civil actions or appeals *in forma pauperis* after having three or more such actions dismissed as frivolous, malicious or failing to state a claim unless they are in danger of serious physical harm. It does not preclude them from filing such actions and paying the filing fee in full as they initiate them, rather than in

---

Further, in the District of Utah, Friedman v. Kennard, Case No. 2:00cv752 was dismissed on February 15, 2001 on the voluntary motion of plaintiff after an R&R was entered, recommending dismissal of the complaint for failure to state a claim.

Also in the District of Utah, Friedman v. Davis County, Case No. 1:07cv142, was dismissed on July 29, 2010, for failure to prosecute and failure to comply with the Court's prior Order that dismissed Count Two of the amended complaint for failure to state a claim and directed plaintiff to file a response to defendants' summary judgment motion.

Plaintiff also filed an appeal with the 10th Circuit Court of Appeals, Case No. 07-4116, challenging the denial of a §2241 petition filed in the District of Utah, as Friedman v. Anderson, Case No. 2:06cv1061, which was denied because it was actually a civil rights complaint raising conditions of confinement claims. The district court advised plaintiff that he could re-file his case as a civil rights complaint and explicitly instructed the Clerk to send plaintiff a form civil rights complaint packet with instructions. Instead, plaintiff appealed, arguing that the district court erred by denying his petition without granting him leave to amend. The 10th Circuit Court of Appeals affirmed the District of Utah's dismissal on September 28, 2007.

Plaintiff is listed in the National *Pro Se* Three-Strikes Database as having five strikes. However, because some of the cases he filed are so old, the undersigned is unable to view the dismissal order to determine the basis on which they were dismissed. Therefore, the plaintiff could, in fact, have more than five strikes.

[6] By separate Order, this Court's Order of May 31, 2013, erroneously granting plaintiff IFP status, is being vacated. The undersigned notes that in completing his court-approved form complaint, the plaintiff did not disclose that he had already incurred any, let alone more than "three strikes" in federal court. In fact, plaintiff failed to disclose that he had ever having filed *any* cases before. When asked, in Question G on page 6, "If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. §1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained . . . that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted . . ." plaintiff merely wrote "N/A" and did not list any of his many previous civil actions. (Dkt.# 6 at 6). Had plaintiff actually answered this question truthfully, the undersigned would have conducted a PACER search earlier, before granting plaintiff's IFP motion, discovered the prior strikes, and dismissed this action months ago, saving substantial judicial resources, in addition to the burden on the U.S. Attorneys Office's resources as well.

[7] The statute does not apply to habeas actions. Smith v. Angelone, 111 F.3d 1126, 1131 (4th Cir. 1997), cert. denied, 521 U.S. 1131 (1997)("[A]pplying the PLRA to habeas actions would have an inequitable result certainly unintended by Congress: a prisoner who had filed three groundless civil suits might be barred any access to habeas relief."); see also Martin v. United States, 96 F.3d 853, 855- 56 (7th Cir. 1996).

payments as anticipated by 28 U.S.C. §1915(b)(1) when they are granted *in forma pauperis* status.

As set forth above, the plaintiff actually has filed 5 cases or appeals that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted.[8] In the instant complaint, plaintiff has alleged nothing to indicate that he is in imminent danger of serious physical injury. The plaintiff is seeking declaratory judgment, injunctive relief and monetary damages for alleged wrist injuries based on what he contends was the deliberate, retaliatory act of a BOP employee in applying too-small handcuffs and tightening them beyond what was reasonably necessary for security purposes. The undersigned notes that a careful review of the record, including plaintiff's medical records, indicates that the plaintiff's claims have no merit, thus, had plaintiff's complaint not been eligible for dismissal pursuant to 28 U.S.C. § 1915(g), it would be the undersigned's recommendation that it be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

Because plaintiff has filed five actions *in forma pauperis* which have been dismissed as frivolous or for failing to state a claim upon which relief can be granted, and the present allegations do not suggest that plaintiff is in imminent danger of serious physical injury, this

---

[8] While it does not appear that the plaintiff has ever been specifically advised of the implications of the three-strikes rule as it relates to him, it is clear he is aware of it. He has had the 28 U.S.C. §1915(e)(2)(B) screening standard of review previously explained to him. (D. Utah Dkt.# 23 at 1)(2:06cv538). Further, not only does the plaintiff have "extensive litigation experience and even some formal legal training . . . [in the form of] paralegal certification from Blackstone School of Law in 2002 . . . [he] has an extensive history of *pro se* litigation in this Court, having filed eleven *pro se* cases since 1999." (D. Utah. Dkt.# 23 at 11)(2:06cv538). The 10th Circuit Court of Appeals noted in September, 2007 that "as the district court . . . observed, Mr. Friedman has an extensive history of *pro se* litigation -- including no fewer than 11 cases in the district court and 4 more in our own court in the last 8 years; . . . at least one of these actions during the very time covered by this lawsuit [challenging the lack of a law library and legal assistance in prison as a denial of access to the courts]." (10th Cir. Sep. 25, 2007 Order and Judgment at 6)(07-4116). The plaintiff has been described as having an "admitted reputation for being "an advocate for jail and prison reform" . . . and a frequent litigator." (D. Utah, Dkt.# 65 at 16)(2:09cv227). Moreover, plaintiff asserted on the record in the District of Utah, that "a pauper's complaint cannot be dismissed prior to service of process unless the complaint is deemed "frivolous or malicious" within the meaning of 28 U.S.C. §1915(d) . . . [and thus, because] plaintiff's Amended Complaint has not been deemed frivolous or malicious by the Court, the defendants' motion to dismiss is premature[.]" See (D. Utah, Plaintiff's Response to Motion to Dismiss, Dkt.# 3-2 at 3-4) (2:09cv227).

action is prohibited and plaintiff is prohibited under 28 U.S.C. §1915(g) from filing further actions *in forma pauperis*. Accordingly, plaintiff is not entitled to maintain this action *in forma pauperis*, and it must be dismissed.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit.").

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to electronically transmit a copy to all counsel of record.

DATED: July 21, 2014

/s/ John S. Kaull
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE