IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


CHARLES D. FRIEDMAN,

        Plaintiff,

v.                                      Civil Action No. 5:13CV62
                                                          (STAMP)
UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
ERIC HOLDER, Attorney General,
CHARLES E. SAMUELS, JR.
Director, Federal Bureau of Prisons
and JOHN DOE, Lieutenant,
sued severally and in their official
capacities and individual capacity,

        Defendants.


                **MEMORANDUM OPINION AND ORDER
                AFFIRMING AND ADOPTING REPORT AND
                RECOMMENDATION OF MAGISTRATE JUDGE**

                      I.  Background

    On May 9, 2013, the pro se[1] plaintiff, a federal prisoner incarcerated at USP-Hazelton, filed this civil rights action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  The complaint asserts that the plaintiff suffered injuries from use of excessive force. Specifically, the plaintiff asserts that a bus operations lieutenant intentionally or negligently applied hand restraints with deliberate indifference to the proper size and fit.  Further, plaintiff asserts that the bus operations lieutenant acted with

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1416 (10th ed. 2014).

deliberate indifference to his complaints about the pain the hand restraints caused. Under Local Rule of Prisoner Litigation 2, this matter was referred to United States Magistrate Judge John S. Kaull for preliminary review and report and recommendation.

On July 1, 2013, the plaintiff filed a combined motion for a temporary restraining order and preliminary injunction seeking an order from this Court prohibiting the defendants, as well as their agents, servants, employees, and all persons in active concert and participation with the defendants, from using standard sized handcuffs or a black box on the plaintiff absent exigent circumstances. On October 28, 2013, the petitioner filed a request to submit his motion for a preliminary injunction and temporary restraining order for decision as the defendants filed no response. On January 28, 2014, Magistrate Judge Kaull issued a report and recommendation, recommending that this Court (1) deny the plaintiff's motion for a preliminary injunction and temporary restraining order and (2) dismiss his request to submit his motion for decision as moot.

Magistrate Judge Kaull informed the parties that if they objected to any portion of the report and recommendation, they must file objections within fourteen days of receiving the report and recommendation. The plaintiff filed a motion for an enlargement of time to file objections. This Court granted the plaintiff's motion. The plaintiff, however, failed to file any objections.

For the reasons stated below, the magistrate judge's report and recommendation is affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In The Real Truth About Obama, Inc. v. Federal Election Commission, the United States Court of Appeals for the Fourth Circuit set forth the equitable factors that a district court must consider when determining whether an injunction should be issued. 575 F.3d 342, 345-346. The four factors that the plaintiff must establish to obtain injunctive relief under this test are:

> (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.

Id. at 346 (citing Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008)).

The magistrate judge states that the plaintiff acknowledged that most correctional officers accommodated him with the proper sizing and fit of hand restraints. Further, the magistrate judge

3

stated that after a review of PACER, it appears that the plaintiff never complained of problems with the hand restraints prior to this action. The magistrate judge also notes that the safe and orderly transport of prisoners is a critical function of the Bureau of Prisons. Based on these findings, the magistrate judge asserts that the plaintiff failed to establish that he is likely to succeed on the merits. Further, the magistrate judge stated that the plaintiff failed to establish that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction would be in the public's interest.

This Court finds no clear error in the magistrate judge's findings concerning the factors that the plaintiff is required to establish to obtain injunctive relief. Because the plaintiff is unable to establish those factors, the plaintiff's motion for a temporary injunction and preliminary restraining order must be denied. Further, because this Court now decides the motion for a temporary restraining order and preliminary injunction, the plaintiff's request to submit the motion to this Court for review is dismissed as moot.

IV. Conclusion

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge (ECF No. 68), and it is therefore AFFIRMED and ADOPTED in its entirety.

4

Accordingly, all pending motions are hereby DENIED AS MOOT. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the magistrate judge properly advised petitioner that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner failed to object, he waives his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:    September 5, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE