IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES D. FRIEDMAN,

    Plaintiff,

v.                                                    Civil Action No. 5:13CV62
                                                              (STAMP)
UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
ERIC HOLDER,
CHARLES E. SAMUELS, JR.
and JOHN DOE,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE,
OVERRULING PLAINTIFF'S OBJECTIONS,
DENYING PLAINTIFF'S MOTION FOR TEMPORARY STAY
AND VACATING PRIOR OPINION AND ORDER**

I.  Procedural History

On May 9, 2013, the pro se[1] plaintiff, a federal prisoner incarcerated at USP-Hazelton, filed this civil rights action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The complaint asserts that the plaintiff suffered injuries from use of excessive force. Specifically, the plaintiff asserts that a bus operations lieutenant intentionally or negligently applied hand restraints with deliberate indifference to the proper size and fit. Further, plaintiff asserts that the bus operations lieutenant acted with

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

deliberate indifference to his complaints about the pain the hand restraints caused. Under Local Rule of Prisoner Litigation 2, this matter was referred to United States Magistrate Judge John S. Kaull for preliminary review and report and recommendation.

On July 1, 2013, the plaintiff filed a combined motion for a temporary restraining order and preliminary injunction seeking an order from this Court prohibiting the defendants, as well as their agents, servants, employees, and all persons in active concert and participation with the defendants, from using standard sized handcuffs or a black box on the plaintiff absent exigent circumstances. On October 28, 2013, the petitioner filed a request to submit his motion for a preliminary injunction and temporary restraining order for decision as the defendants filed no response. On January 28, 2014, Magistrate Judge Kaull issued a report and recommendation, recommending that this Court deny the plaintiff's motion for a preliminary injunction because the plaintiff was unable to establish the required factors to obtain injunctive relief and recommending that the request to submit the motion for decision be denied as moot. Ultimately, after providing the plaintiff with extensions to file objections to the report and recommendation, the plaintiff did not file any such objections. This Court then affirmed the magistrate judge's report and recommendation, finding no clear error in his findings.

After the plaintiff filed his motion for preliminary injunction, the defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment and the plaintiff filed a response. Upon review of this motion, the magistrate judge discovered that the plaintiff filed numerous habeas petitions, at least one mandamus action, and initiated eight civil rights actions in federal district courts. The magistrate judge found that at least five of these actions were dismissed for failure to state a claim upon which relief can be granted. Accordingly, the magistrate judge issued a report and recommendation, recommending that the plaintiff's complaint be dismissed without prejudice under 28 U.S.C. § 1915(g). The magistrate judge also entered an order vacating his previous order granting the plaintiff's motion to proceed in forma pauperis based on this finding.

The magistrate judge informed the plaintiff that he was required to file any objections to the report and recommendation recommending dismissal of this civil action within fourteen days of the entry of the report and recommendation. The plaintiff then filed a motion for extension of time to file objections, which this Court granted as framed. Further, the plaintiff filed a motion for temporary stay of the magistrate judge's order vacating in forma pauperis status.

The plaintiff then timely filed objections to the magistrate judge's report and recommendation.[2] See ECF No. 76. Plaintiff objects to the magistrate judge's application and interpretation of 28 U.S.C. § 1915(g).[3] He alleges that the statute's three strike rule does not refer to a prisoner's filings throughout the entire history of a prisoner's incarcerations. Rather, he claims it refers to filings during a single period or term of incarceration. For the reasons stated below, the magistrate judge's report and recommendation is affirmed and adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

---

[2] This Court entered a memorandum opinion and order affirming and adopting the magistrate judge's report and recommendation on September 5, 2014, under the assumption that no objections were received. However, plaintiff sent his objections on August 29, 2014. These objections were not received and filed until September 8, 2014. Thus, as will be stated in the opinion, this Court will vacate that prior opinion and order.

[3] Specifically, the prisoner refers to the following portion of the statute: "[I]f the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States . . . ." 28 U.S.C. § 1915(g)(2012).

III. <u>Discussion</u>

The Prisoner Litigation Reform Act of 1995 generally prohibits prisoners from filing a complaint under <u>in forma pauperis</u> status if that prisoner filed at least three <u>in forma pauperis</u> cases previously that were dismissed as frivolous. Title 28, United States Code, Section 1915(g) specifically provides as follows:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The magistrate judge found that this section of the Prison Litigation Reform Act ("PLRA") was applicable in this case, and thus recommended dismissal of this civil action.

This Court has reviewed the record in this case, as well as Magistrate Judge Kaull's report and recommendation. This Court has confirmed that, while incarcerated, the plaintiff filed at least five civil actions or appeals in federal courts which have been dismissed either as frivolous or for failing to state a claim upon which relief may be granted. Further, as the magistrate judge noted, nothing in the plaintiff's complaint indicates that he is in imminent danger of serious physical injury.

In his objection to the report and recommendation, plaintiff argues that the magistrate judge misinterpreted and misapplied 28 U.S.C. § 1915(g). He alleges that the statute's three strike rule

5

does not refer to a prisoner's filings throughout the entire history of a prisoner's incarcerations. Rather, he claims it refers to filings during a single period or term of incarceration.

This objection lacks sufficient basis to reverse this Court's adoption of the magistrate judge's report and recommendation. Under the statute, the number of actions used to determine eligibility for in forma pauperis are cumulatively viewed. See Strope v. Cummings, 653 F.3d 1271 (10th Cir. 2011); Flamer v. Dep't of Corrections, CV No. 10-1211, 2011 WL 5914267 (W.D. Pa. Nov. 28, 2011). Further, the plaintiff is listed on the National Pro Se Three Strikes Database as having at least three strikes. The only exception to the three strike rule requires plaintiff to demonstrate that an imminent danger of serious physical injury exists. 28 U.S.C. § 1915(g) (2012). This has been demonstrated in neither his complaint nor his objections.

IV. Conclusion

For the reasons described above, the report and recommendation of the magistrate judge (ECF No. 68) is AFFIRMED and ADOPTED in its entirety. Accordingly, this civil action is DISMISSED WITHOUT PREJUDICE. Further, plaintiff's motion for temporary stay (ECF No. 71) of order vacating in form pauperis status is DENIED AS MOOT. Finally, this Court VACATES its prior memorandum opinion and order on this matter (ECF No. 75). It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 23, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE